[Crim. No. 20114. Jan. 16, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD LEWIS, Defendant and Appellant.

**COUNSEL**

Paul Halvonik, State Public Defender, Charles M. Sevilla, Chief Assistant State Public Defender, Kent Richland and Violet C. Rabaya, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Anthony D. Blankley, Janelle B. Davis, Howard J. Schwab and Frederick R. Millar, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

NEWMAN, J.—A trial court order of March 22, 1976, reads, "Defendant LEWIS' motion to relieve the Public Defender Mr. Lieman is heard and DENIED." On appeal Lewis contends that the denial was unjustified. We agree.

*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44] held that a defendant must be permitted to state the reasons why he believes a court-appointed counsel should be discharged. Accordingly we quote from the record here to ascertain whether the *Marsden* rule was observed:

"MR. LIEMAN: Your Honor, Mr. Lewis would like to address the Court. THE COURT: All right. Proceed, Mr. Lewis. DEFENDANT LEWIS: Yes, Your Honor. THE COURT: However, bear in mind anything you say can be used against you in the case. DEFENDANT LEWIS: All right. At this time I would like to state that I am not satisfied with Mr. Lieman's

services. I would also request that he be removed from handling my case and that a state appointed attorney would be appointed to represent me in this matter. He is not handling my case in the manner which I feel will vindicate my innocence. . . ."

There was no further discussion of the point until the court ruled as follows (italics added): "[A]s to your request to relieve Mr. Lieman, this Court is very cognizant of Mr. Lieman's competence and his abilities and your request is not an unknown one, either, to the Court because it's quite often that a person under accusations such as you have can become disenchanted with an attorney that's handling their case. DEFENDANT LEWIS: *Well—* THE COURT: But the reason that an attorney is brought into the picture is because of his knowledge and because of his understanding of the situation, so at this time your request to discharge Mr. Lieman is denied. I see no reason whatsoever to do so because I know Mr. Lieman is an extremely competent attorney. DEFENDANT LEWIS: *Well, he is not handling my case, Your Honor—* THE COURT: He may not be handling it the way you wish it to be handled, sir, but he is handling the case in the manner in which he feels the case should be handled as far as the law is concerned. You have the right, of course, to a jury trial. That's exactly what we're going to proceed with just as soon as we eliminate these preliminary phases. DEFENDANT LEWIS: Well, that being the case, I would like to make a blanket objection to these entire proceedings. I feel that my constitutional rights are being violated here. THE COURT: All right, sir. The objection is noted. The objection is overruled. We will proceed with selection of the jury."

■ Thus it appears that the judge, without knowledge of Lewis' reasons, ruled against him because ". . . Mr. Lieman is an extremely competent attorney . . . handling the case in the manner in which he feels the case should be handled as far as the law is concerned."

The transcript shows further that after Lewis had explained why, in addition to the motion to relieve his lawyer, he wanted to make a motion to dismiss the charges against him, the judge asked him ". . . whether or not you have other grounds to support your motion to dismiss other than the one that you stated." Lewis replied "Well, no, no." Then, surprisingly, when he attempted twice to explain to the judge his motion to relieve his lawyer, the judge each time cut him off and proceeded summarily to deny that motion. When trial courts proceed in such a manner they violate the *Marsden* rule.

Was the error prejudicial? "There can be no doubt it was. On this record we cannot ascertain that defendant had a meritorious claim, but that is not the test. Because the defendant might have catalogued acts and events beyond the observations of the trial judge to establish the incompetence of his counsel, the trial judge's denial of the motion without giving defendant an opportunity to do so denied him a fair trial. We cannot conclude beyond a reasonable doubt that this denial of the effective assistance of counsel did not contribute to the defendant's conviction." (*People* v. *Marsden, supra,* 2 Cal.3d at p. 126; also see *People* v. *Munoz* (1974) 41 Cal.App.3d 62, 66 [115 Cal.Rptr. 726].)

The judgment is reversed.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Richardson, J., and Manuel, J., concurred.