[Crim. No. 20507. Dec. 15, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER RODRIGUEZ HIDALGO, Defendant and Appellant.

## COUNSEL

Paul Halvonik, State Public Defender, Charles M. Sevilla, Chief Assistant State Public Defender, Aurelio Munoz and Allison Stein, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Juliet H. Swoboda, Paul C. Ament, Roger W. Boren, William R. Pounders and Ronald N. Ito, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

CLARK, J.—Two cases are consolidated in this appeal.  ■   In superior court No. A610763, the judgment of conviction of first degree burglary (Pen. Code, §§ 459, 460) must be reversed because the trial court denied defendant's timely pretrial motion for substitution of appointed counsel without giving defendant an opportunity to state the specific grounds for his dissatisfaction with counsel.[1] (*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]; *People* v. *Lewis* (1978) 20 Cal.3d 496 [143 Cal.Rptr. 138, 573 P.2d 40].) As the judgment in this case must be reversed for *Marsden* error, we need not consider defendant's contention that he was denied effective assistance of trial counsel by counsel's failure to challenge defendant's transportation to the crime scene under *People* v. *Harris* (1975) 15 Cal.3d 384 [124 Cal.Rptr. 436, 540 P.2d 632].

---

[1]Defendant's motion to relieve appointed counsel was considered by the trial court at three hearings. At the first hearing, the court, proceeding under the mistaken impression that defendant wished to have counsel relieved in order to represent himself, continued the cause for further consideration of that question.

At the second hearing, as soon as the aforementioned misunderstanding was dispelled and it became clear that defendant wished to have substitute counsel appointed, the court summarily denied the motion. "[THE COURT:] The clerk informs me that . . . he gets the impression that you don't want to represent yourself, but that you want the court to appoint private counsel. THE DEFENDANT: Yes, sir. THE COURT: And relieve [the deputy public defender]? THE DEFENDANT: Yes, sir. THE COURT: Is that correct? THE DEFENDANT: Yes, sir. That's correct. THE COURT: You don't want to proceed as your own attorney, is that correct? THE DEFENDANT: No, sir. THE COURT: Okay. We do not permit—and the appellate decisions have sustained this position, as I understand it—persons who appear before this court without funds to hire their own counsel to get rid of the public defender when they desire to do so. The reasons for that, I think, are somewhat obvious. So that I am willing to consider your request to represent yourself in pro per if that is what you want. THE DEFENDANT: Yes, sir. THE COURT: But I will deny your request to relieve the public defender's office and appoint private counsel to represent you."

The cause was then set for a third hearing limited to the question whether defendant

In superior court No. A015895, probation granted on a prior burglary conviction was revoked. Defendant's attacks upon the revocation proceeding were fully considered by the Court of Appeal and we agree they lack merit.

The judgment in superior court No. A610763 is reversed; the judgment in superior court No. A015895 is affirmed.

Bird, C. J., Tobriner, J., Mosk, J., Richardson, J., Manuel, J., and Newman, J., concurred.

---

would be permitted to represent himself, and if so, whether counsel would be appointed to assist him in an advisory capacity. It was at the third hearing that defendant was finally permitted to state the reasons for his dissatisfaction with appointed counsel. The *Marsden* error, of course, occurred at the second hearing when, without giving defendant an opportunity to state his grounds, the court denied his motion to appoint substitute counsel.