[Crim. No. 17692. First Dist., Div. Four. Apr. 3, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
RALPH W. MINOR, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Gail R. Weinheimer, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Ronald E. Niver and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CHRISTIAN, J.—Ralph W. Minor appeals from an order committing him for treatment as a mentally disordered sex offender after a jury found him guilty of sexual molestation of a child (Pen. Code, § 288), kidnaping (Pen. Code, § 207) and forcible oral copulation (Pen. Code, § 288a).

Appellant contends that the verdict on the charge of forcible oral copulation is not supported by substantial evidence in that there was no evidence of penetration or of substantial sexual contact with the mouth

of the victim. This contention cannot be sustained. The offense is complete when, as occurred here according to the testimony of the victim, the mouth is forcibly placed upon the genital organ of another (*People v. Harris* (1951) 108 Cal.App.2d 84, 88 [238 P.2d 158]). Similarly to be rejected is appellant's contention (citing *People* v. *Sedeno* (1974) 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913], overruled on another point in *People* v. *Flannel* (1979) 25 Cal.3d 668 at p. 685, fn. 12 [160 Cal.Rptr. 84, 603 P.2d 1]) that the court should have instructed on its own motion concerning the lesser offense of attempted forcible oral copulation. The court was not required to give such an instruction on its own motion where the only evidence was that the offense had been completed.

Appellant makes certain additional contentions which are insubstantial and thus do not require discussion. But a serious problem is presented by the contention that the court did not handle correctly an attempt by appellant to obtain the appointment of new counsel. When appellant appeared for arraignment in the superior court, he moved to relieve defense counsel and for appointment of another attorney:

"MR. SHAFFER: Your Honor, my client, at this time, because of several Public Defenders having represented him at different stages of the proceedings, makes the following request of the Court, asking our office be relieved and that Howard Jameson be appointed.

"THE COURT: You want to hire Howard Jameson?"

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you have the money?

"THE DEFENDANT: No, sir. I don't have it.

"THE COURT: The Public Defender's office is here for that purpose, sir. Request is denied. Arraign the Defendant."

Appellant contends that it was a denial of due process for the court summarily to reject the request without giving appellant an opportunity to state his reason for desiring to have the public defender's office relieved and another attorney appointed. This contention is sound, and the judgment must be reversed. (*People* v. *Hidalgo* (1978) 22 Cal.3d 826 [150 Cal.Rptr. 788, 587 P.2d 230]; *People* v. *Lewis*

(1978) 20 Cal.3d 496 [143 Cal.Rptr. 138, 573 P.2d 40]; *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]; *People v. Munoz* (1974) 41 Cal.App.3d 62 [115 Cal.Rptr. 726].)

*People v. Huffman* (1977) 71 Cal.App.3d 63 [139 Cal.Rptr. 264], relied upon by respondent, is readily to be distinguished. In *Huffman*, the defendant addressed the court personally concerning his complaints against appointed counsel. The court questioned the defendant in order to bring out his specific complaints before ruling on the motion. On that basis, the Court of Appeal concluded that "There was no pro forma or perfunctory ruling which would indicate a lack of an exercise of discretion." (71 Cal.App.3d at p. 77.) Similarly to be distinguished is *People v. Culton* (1979) 92 Cal.App.3d 113 [154 Cal.Rptr. 672]. There, after appointed counsel announced that the defendant wanted "'a court-appointed attorney of his choice other than the Public Defender's Office,'" the court invited appellant to speak and heard him out before denying the request to bring in new counsel. (92 Cal.App.3d at p. 116.) Here, in contrast, appellant was not given an opportunity to state his reasons. The court summarily denied the request while knowing only, so far as the record shows, that appellant desired new counsel and that the reason *as related by appointed counsel* was insufficient as stated. The procedure followed by the court does not meet the *Marsden* standard.

The Attorney General points out that the record establishes that, after the incident complained of, appellant was represented in all trial court proceedings by the same deputy public defender; it is also pointed out that the record shows neither inadequacy of trial counsel nor the existence of any irreconcilable conflict between appellant and his counsel. On these bases it is argued that any *Marsden* error was harmless beyond a reasonable doubt. This contention cannot be sustained. The record does not exclude the possibility that there existed some legitimate complaint which, if *Marsden* standards had been met, would have been disclosed with the result that new counsel would have been appointed. There is no basis for estimating what effects such a change might have had on the further handling of the case. Therefore we cannot say that the error was harmless beyond a reasonable doubt. (See *People v. Marsden, supra*, 2 Cal.3d 118, 126.) We find no post-*Marsden* decision in which an appellate court has attempted to appraise the prejudicial effect of *Marsden* error.

While the record does not exclude the possibility that appellant, if he had been permitted to speak, would have been able to state a good rea-

son for the appointment of new counsel, it is also entirely possible that no valid reason could have been stated and that in truth the verdicts and the commitment are free of any constitutional deficiency. The question arises whether the cause could appropriately be remanded to the trial court with directions to permit appellant to state his reasons for desiring new counsel before exercising discretion in accordance with *Marsden* and taking further proceedings consistent with whatever determination might be made.

Appellant correctly states that neither in *Marsden* nor in any reported decision applying the *Marsden* standard has the suggested remand procedure been employed. (See, e.g., *People* v. *Hidalgo, supra*, 22 Cal.3d 826; *People* v. *Lewis, supra*, 20 Cal.3d 496.) But the suggested procedure has apparently not been considered in the *Marsden* context; it is therefore open to fresh examination by this court.

■ In its disposition of a criminal case the appellate court is not limited to the more common options of affirmance, reversal or modification of the judgment or order appealed from. The court "may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances" (Pen. Code, § 1260). Where the record on appeal discloses trial error affecting the fairness and reliability of the guilt determination process, the normal remedy is outright reversal; in that instance it would usually not be considered "just under the circumstances" to direct the trial court to take further proceedings aimed narrowly at the specific error. But when the trial is free of prejudicial error and the appeal prevails on a challenge which establishes only the existence of an unresolved question which may or may not vitiate the judgment, appellate courts have, in several instances, directed the trial court to take evidence, resolve the pending question, and take further proceedings giving effect to the determination thus made. Where the trial court had failed properly to resolve a challenge to the composition of the grand jury, this court in an appeal from a felony judgment remanded the cause "with directions to take evidence on the motion to quash the indictment before reconsidering the ruling on the motion" (*In re Wells* (1971) 20 Cal.App.3d 640, 651 [98 Cal.Rptr. 1], disapproved on another point in *People* v. *Wheeler* (1978) 22 Cal.3d 258, 286-287 and fn. 35 [148 Cal.Rptr. 890, 583 P.2d 748]). Where the Court of Appeal was confronted with an unresolved speedy trial challenge, the cause was remanded with directions to hold an evidentiary hearing on the issue of speedy trial and take further proceedings consistent with the result of that hearing (*People* v. *MacDonald* (1972) 27

Cal.App.3d 508 [103 Cal.Rptr. 726]). A similar disposition was directed in *People* v. *Vanbuskirk* (1976) 61 Cal.App.3d 395, [132 Cal.Rptr. 30], where the appellate court determined that an unresolved question concerning photographic identification procedures might be determinative. After reviewing the authorities which have applied Penal Code section 1260, the *Vanbuskirk* court stated the general proposition that "when the validity of a conviction depends solely on an unresolved or improperly resolved factual issue which is distinct from issues submitted to the jury, such an issue can be determined at a separate post-justment hearing and if at such hearing the issue is resolved in favor of the People, the conviction may stand." (61 Cal.App.3d at p. 405.)

The *Vanbuskirk* disposition is appropriate here. The trial record is free of error and there is no indication in the record of inadequacy on the part of trial counsel. The only infirmity in the judgment is the pretrial *Marsden* error discussed above. The question whether good cause existed for appointing new counsel can now be resolved at a hearing in which appellant can be given an opportunity to state his reasons for wanting to have new counsel appointed.

The judgment is reversed with directions to conduct a hearing at which appellant shall have a full opportunity to state his reasons for desiring the appointment of new counsel. The court shall redetermine the application for new counsel in the light of *People* v. *Marsden*. If the court determines that good cause for appointment of new counsel has been shown, the court shall appoint new counsel and set the case for retrial. If the court determines that good cause has not been shown, it shall reinstate the order appealed from or take other lawful proceedings to give effect to the verdicts heretofore returned.

Caldecott, P. J., and Poché, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 28, 1980.