[Crim. No. 23715. First Dist., Div. Four. May 10, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
CLARENCE EDWARD COYER, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Except as to part II.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and George L. Schraer, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Robert R. Granucci and Michael Buzzell, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CHRISTIAN, J.—Clarence Coyer appeals from a judgment of imprisonment after a jury found him guilty of rape (Pen. Code, § 261, subd. (2)) and false imprisonment (Pen. Code, § 236).

Perry C.'s car broke down while she was driving on the freeway from Sacramento to Oakland. Almost immediately after she had pulled her car onto the shoulder, appellant stopped and offered assistance. He claimed that his father owned the Triple A service in Fairfield. Appellant offered to drive C. to the station where he would arrange for his father to tow and repair her car. Around this time, Fred Williams, a California Highway Patrol officer, also stopped near the disabled car. Williams offered to drive C. to a phone, but, because of appellant's offer of towing service, she decided to ride with him to the Triple A station.

As appellant and C. approached Fairfield, appellant stated that his name was "Tom Jennings." Appellant began to address C. intimately, calling her his girl friend and suggesting she move in with him. Over C.'s protests, appellant pulled off the freeway near Vallejo and drove to an undeveloped rural area; there he forcibly raped her.

After the crime, appellant drove to Fairfield, indicating to C. that he would not allow her to leave the car. In Fairfield, however, appellant stopped at a market and told C. to buy him a coke. Appellant drove off seconds after C. stepped out of the vehicle. The victim immediately complained to the police.

Appellant was arrested about three weeks later. He denied that there had been any sexual contact between him and C. He stated that he picked C. up on the freeway and dropped her off at a market in Fairfield.

I

Appellant sought pretrial discovery of "a list of any charges presently pending against" witnesses the prosecution expected to call. Originally appellant also sought discovery of witnesses' arrest records, rap sheets and names of witnesses to those charges. During the hearing on the motion, defense counsel admitted his request was overbroad and sought discovery only of a list of pending charges against witnesses. The court stated that through court indexes defense counsel could discover charges against any witness pending in Solano County; it did not believe charges pending elsewhere in the state would have any relevance regarding potential bias of witnesses. The court declined to order any discovery of pending charges; it also heard and denied appellant's motion for reconsideration of the ruling.

"Unlike the statutory development of civil discovery in California, the right of an accused to seek discovery in the course of preparing his defense to a criminal prosecution is a judicially created doctrine evolving in the absence of guiding legislation. [Citations.] . . . . Allowing an accused the right to discover is based on the fundamental proposition that he is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information. [Citations.]" (*Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531, 535-536 [113 Cal.Rptr. 897, 522 P.2d 305].) No showing by the defendant that the material sought actually exists or that it would be admissible as evidence at trial is required. (*People* v. *Zamora* (1980) 28 Cal.3d 88, 96 [167 Cal.Rptr. 573, 615 P.2d 1361]; *Hill* v. *Superior Court* (1974) 10 Cal.3d 812, 817 [112 Cal.Rptr. 257, 518 P.2d 1353, 95 A.L.R.3d 820].) " ' " 'A showing, however, that the defendant cannot readily obtain the information through his own efforts will ordinarily entitle him to pretrial knowledge of any unprivileged evidence, or information that might lead to the discovery of evidence, *if it appears reasonable that such knowledge will assist him in preparing his defense . . . .*" [Citation.]' [Citation.]" (*Hill* v. *Superior Court, supra,* 10 Cal.3d 812, 817; italics in original.)

■ Applying these principles in the instant case, we conclude that a defendant is entitled to discovery of criminal charges currently pending against prosecution witnesses anywhere in the state. Contrary to the argument of the prosecutor before the trial court, the pendency of criminal charges is material to a witness' motivation in testifying even where no express "promises of leniency or immunity" have been made. During trial, defense counsel "is permitted to inquire whether charges are pending against a witness as a circumstance tending to show that the witness may be seeking leniency through testifying. [Citations.]" (*People* v. *Claxton* (1982) 129 Cal.App.3d 638, 661 [181 Cal.

Rptr. 281].) Thus, in *People* v. *Allen* (1978) 77 Cal.App.3d 924 [144 Cal. Rptr. 6], the Court of Appeal found prejudicial error in a trial court's restriction of defense counsel's inquiry into juvenile charges pending against a witness— "[i]t must be emphasized that there is no requirement that the minor witness' motive to fabricate had a reasonable basis for its existence." (*Id.,* at p. 932.) Similarly, "a witness' probationary status may be used to show his potential bias or prejudice based on concern of jeopardy to his probation" and exclusion of such evidence can constitute reversible error. (*People* v. *Espinoza* (1977) 73 Cal.App.3d 287, 291 [140 Cal.Rptr. 846]; see also *Davis* v. *Alaska* (1974) 415 U.S. 308 [39 L.Ed.2d 347, 94 S.Ct. 1105].) As this court summarized in *People* v. *Brown* (1970) 13 Cal.App.3d 876 [91 Cal.Rptr. 904], certiorari denied 404 U.S. 835 [30 L.Ed.2d 66, 92 S.Ct. 120] (disapproved on other grounds *Donald L.* v. *Superior Court* (1972) 7 Cal.3d 592 [102 Cal.Rptr. 850, 498 P.2d 1098] and *People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698 [135 Cal.Rptr. 392, 557 P.2d 976]) it is the witness' subjective expectations, not the objective bounds of prosecutorial influence, that are determinative: "Impeachment by showing improper motive depends on *the witness'* state of mind; the actual power of the authorities to aid or harm him is not conclusive." (*Id.,* at p. 883; italics in original.) As an administrative matter, the district attorney's office of one county is autonomous from its counterparts throughout the rest of the state; similarly, it functions independently of local parole, probation and juvenile authorities. Nonetheless, an individual subject to criminal or quasi-criminal proceedings of any sort may perceive all these entities as forming a single law enforcement establishment. A defendant would certainly be entitled to submit to the trier of fact whether a witness' concern over charges pending in another county has contributed to his willingness to provide testimony favorable to the prosecution in the instant trial. (See *People* v. *Allen, supra,* 77 Cal.App.3d 924, 932-933.)

Appellant sought the discovery of information which could lead to evidence admissible at trial and assist in the preparation of his defense. The remaining conditions for criminal discovery are also met. There is no claim that the information is privileged; indeed, as the trial court remarked, it is a matter of public record. A list of any charges currently pending against prosecution witnesses could be compiled from information readily available to the district attorney. (*Hill* v. *Superior Court, supra,* 10 Cal.3d 812, 817-818; *Engstrom* v. *Superior Court* (1971) 20 Cal.App.3d 240, 244-245 [97 Cal.Rptr. 484]; see also Pen. Code, § 11105.) There exists no similarly expedient method by which defense counsel could obtain this information through his own efforts. We therefore conclude that the court abused its discretion in refusing to order the prosecutor to furnish defense counsel with a list of all criminal charges pending against prosecution witnesses.

█ We must now consider the implications of the improper restriction of discovery. Contrary to appellant's assertions, there is no rule in California that improper denial of discovery by the court or noncompliance by the prosecution is reversible error, per se. It is still incumbent upon a defendant to show that prejudice has flowed from the error. (See *People* v. *Sewell* (1978) 20 Cal.3d 639, 646 [143 Cal.Rptr. 879, 574 P.2d 1231]; *People* v. *La Salle* (1980) 103 Cal.App.3d 139, 153-154 [162 Cal.Rptr. 816].) It is true that, on this record, application of traditional harmless error analysis would be "speculative" as we do not know whether compliance with the defendant's request would have revealed any pending charges. Nonetheless, a remedy exists. No material evidence has been destroyed. The information originally sought by appellant is still available to the prosecuting authorities. (Compare *People* v. *Zamora, supra,* 28 Cal.3d 88.) In *Com.* v. *Slaughter* (1978) 482 Pa. 538 [394 A.2d 453], the Supreme Court of Pennsylvania confronted an almost identical problem. There the trial court had committed error under *Davis* v. *Alaska, supra,* 415 U.S. 308, in denying defense counsel access to the juvenile records (if any) of a witness. Rather than reverse outright, *Slaughter* ordered the following disposition: "(The record does not even indicate whether or not Ragland, in fact, had a record of juvenile offenses, let alone whether that record, if it exists, would support appellant's claim of bias.) We therefore remand the matter to the trial court with instructions that appellant, through his counsel, be given access to Ragland's juvenile record. Counsel will then be able to argue to the trial court what, if any, use could have been made of that record had he been allowed to use it to cross-examine Ragland. If, in the court's opinion, its original refusal to allow defense counsel to cross-examine Ragland on the basis of this juvenile record prevented appellant from presenting to the jury evidence regarding Ragland's possible bias, or other information which would bring the case within the requirements of *Davis, supra,* it shall vacate the judgment of sentence and order a new trial. If, on the other hand, Ragland has no juvenile record, or if in the court's opinion, appellant has failed to assert any facts which would bring the case within the rationale of *Davis, supra,* it shall affirm its original order. Either party may then file an appropriate appeal." (*Com.* v. *Slaughter, supra,* 482 Pa. 538 [394 A.2d 453, 460].)

No California court has ordered a remand of this sort for discovery error; however, such a disposition is not unknown in criminal appeals involving other forms of error. In *People* v. *Minor* (1980) 104 Cal.App.3d 194 [163 Cal.Rptr. 501], this court found error under *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44], in the trial court's failure to inquire into a defendant's reasons for requesting the appointment of different counsel. As the trial record itself was free of error, it was appropriate to tailor the disposition to the specific pretrial error committed. "In its disposition of a criminal case the appellate court is not limited to the more common options of affirmance, reversal

or modification of the judgment or order appealed from. The court 'may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances.' (Pen. Code, § 1260). . . . But when the trial is free of prejudicial error and the appeal prevails on a challenge which establishes only the existence of an unresolved question which may or may not vitiate the judgment, appellate courts have, in several instances, directed the trial court to take evidence, resolve the pending question, and take further proceedings giving effect to the determination thus made." (*People* v. *Minor, supra,* 104 Cal.App.3d 194, 199; see also *People* v. *Vanbuskirk* (1976) 61 Cal.App.3d 395, 405-407 [132 Cal.Rptr. 30] [remand for evidentiary hearing on fairness of pretrial identification procedures].

Respondent, relying upon Code of Civil Procedure section 909 and California Rules of Court, rule 23(b), suggests that rather than remand to the trial court this court should appoint a referee to take evidence and make fact findings concerning the existence of charges pending against prosecution witnesses at the time of trial. Even in civil appeals "factfinding under rule 23 is an extraordinary procedure to be used sparingly and only in a case clearly calling for it . . . ." (*Jacobs* v. *State Bd. of Optometry* (1978) 81 Cal.App.3d 1022, 1034 [147 Cal.Rptr. 225].) These provisions are generally inapplicable to criminal appeals following jury trials. (*People* v. *Pena* (1972) 25 Cal.App.3d 414, 421 [101 Cal.Rptr. 804], disapproved on other grounds in *People* v. *Duran* (1976) 16 Cal.3d 282, 292 [127 Cal.Rptr. 618, 545 P.2d 1322, 90 A.L.R.3d 1].) The superior court is the preferred forum for taking evidence and resolving factual issues. Where resolution of an issue raised on appeal requires consideration of matters outside the trial record, the appellate court will typically fashion a disposition which permits the defendant to present this evidence first to the court which rendered the judgment. (See *People* v. *Fosselman* (1983) 33 Cal.3d 572, 582-584 [189 Cal.Rptr. 855, 659 P.2d 1144].) Specifically *Minor* and *Vanbuskirk* demonstrate that a California appellate court may order a disposition similar to that employed in *Slaughter* in order to cure discovery error.

## II

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment is reversed with directions to the trial court to order the prosecutor to furnish counsel for appellant with a list of any criminal charges which were pending against any prosecution witnesses at the time of trial. If no such charges were then pending, the court shall reinstate the original judgment and sentence. If any such charges were pending, the court shall evaluate the materiality of this new evidence in light of the whole record and determine whether to grant appellant a new trial.

A portion of this opinion is not published as it does not meet the standards for publication. (Cal. Rules of Court, rules 976 and 976.1.)

Caldecott, P. J., and Poché, J., concurred.

A petition for a rehearing was denied June 1, 1983, and the opinion was modified to read as printed above.