[No. F003289. Fifth Dist. May 24, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
ALEX ARELLANO MAESE, Defendant and Appellant.

804

**COUNSEL**

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert D. Marshall and Eileen Ceranowski, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MARTIN, J.—

INTRODUCTION[1]

On June 26, 1981, a jury found defendant guilty of petit theft, burglary of a residence and grand theft as alleged in information number 22248. In addition, the jury found defendant guilty of burglary and petit theft as alleged in information number 22006. The jury also found that defendant had suffered a separate prior conviction within the meaning of Penal Code section 667.5, subdivision (b).[2] He was sentenced to state prison for a term of eight and one-third years.

On June 9, 1983, this court reversed the judgment as to the counts in information number 22006 and, as to all remaining counts, reversed with directions to conduct a *Marsden* hearing. Finally, the cause was remanded for resentencing as to the burglary of a residence count in information number 22248, and the sentence imposed for grand theft was stayed pursuant to section 654.

After conducting the *Marsden* hearing, the trial court found there was no good cause shown for appointment of new counsel and reinstated the verdict in proceeding number 22248. Defendant was resentenced to state prison for an aggregate term of seven years. He appeals.

STATEMENT OF FACTS

On remand from this court, a *Marsden* hearing was held in the trial court to inquire of defendant his reasons for requesting a change of trial counsel on the morning of trial. Defendant responded as follows:

I. Trial counsel failed to investigate the crime lab processing results of fingerprints and hair fibers found at the scene of the crime in action number 22248. Such an investigation might have revealed exculpatory evidence.

II. Trial counsel failed to file a motion to sever the consolidated actions.

III. Trial counsel failed to investigate the observations and potential testimony of Officer Saladan, who was present during defendant's arrest for

---

[1]This opinion takes judicial notice of the appellate record in *People* v. *Maese* F000834 pursuant to a motion brought by appellate counsel for the defendant. (Evid. Code, §§ 452, subd. (d), 453.)

[2]All statutory references are to the Penal Code unless otherwise indicated.

burglary and grand theft in action number 22248. Such an investigation would have revealed that Saladan possessed exculpatory information.

IV. Trial counsel refused to show defendant the complaint card filed in burglary and grand theft counts of action number 22248. This card would have allegedly shown that the police had no probable cause to arrest defendant.

V. Trial counsel failed to challenge hearsay evidence admitted in action number 22248. Counsel should have made a motion for an evidentiary hearing of preliminary facts and probable cause.

VI. Trial counsel refused to move to suppress evidence seized in the burglary and grand theft counts of action number 22248. Officer Kassiner, the arresting officer, illegally searched defendant's car.

Trial counsel took the witness stand and responded he had no recollection regarding the fingerprints and hair fibers processed by the crime lab. He testified that he was fairly certain that he did not have this evidence analyzed. Moreover, he did not remember being aware of the results of any analysis that may have been done. Trial counsel stated he could not remember the evidence of the case well enough to say whether the fingerprints and hair fibers provided defendant a potential defense but recalled eyewitness testimony against the defendant.

With respect to allegation III, counsel vaguely remembered considering the discrepancy between Officers Saladan and Kassiner relating to the burglary, but felt that not much of an issue could have been made of it.

Responding to allegation IV, trial counsel stated he had no recollection of whether he saw or considered the complaint card. Trial counsel offered the following statement: "And the likelihood is, although, again I can't say with any complete certainty, that I felt that getting the complaint card would not change in any way my feelings about whether the suppression motion should be filed."

In answer to allegation VI, trial counsel testified he considered the suppression motion, but found it without merit so he did not file it.[3]

Trial counsel described his relationship with defendant at trial as being "troubled." Counsel was upset by defendant's dissatisfaction and attempts

---

[3]Counsel was not questioned nor did he voluntarily respond to allegations II and V.

to relieve him. Counsel stated he could control the animosity he felt toward defendant and it would not affect his ability to defend the defendant.

DISCUSSION

I. WHETHER THE HEARING CONDUCTED WAS AN ADEQUATE REMEDY FOR MARSDEN ERROR.

▇▇ Defendant claims that due to trial counsel's failed memory, the *People* v. *Minor* (1980) 104 Cal.App.3d 194, 200 [163 Cal.Rptr. 501], hearing conducted in this case was an inadequate remedy and urges this court to reverse the conviction. ▇▇ In *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44], our Supreme Court stated: "'A defendant's right to a court-appointed counsel does not include the right to require the court to appoint more than one counsel, except in a situation where the record clearly shows that the first appointed counsel is not adequately representing the accused. . . . "The right of a defendant in a criminal case to have the assistance of counsel for his defense . . . may include the right to have counsel appointed by the court . . . discharged or other counsel substituted, if it is shown . . . that failure to do so would substantially impair or deny the right . . ., but the right to such discharge or substitution is not absolute, in the sense that the court is bound to accede to its assertion without a sufficient showing . . . that the right to the assistance of counsel would be substantially impaired . . . in case the request is not granted, and within these limits there is a field of discretion for the court."' (*People* v. *Mitchell* (1960) 185 Cal.App.2d 507, 512 . . ., quoting 157 A.L.R. 1225, 1226 . . . .)" (*People* v. *Marsden, supra*, 2 Cal.3d 118, 123.)

*Marsden* held that the trial court cannot thoughtfully exercise its discretion without listening to a defendant's reasons for requesting a change of attorneys. "A trial judge is unable to intelligently deal with a defendant's request for substitution of attorneys unless he is cognizant of the grounds which prompted the request." (*Ibid.*) The *Marsden* court was presented with an extreme situation, one in which the trial judge refused to give the defendant an opportunity to be heard.

In *People* v. *Munoz* (1974) 41 Cal.App.3d 62 [115 Cal.Rptr. 726], appellant accused his attorney of not wanting to defend him; he said that the attorney told him that he was guilty and that he did not have a "chance." Defense counsel did not respond to this serious accusation and the trial judge made no inquiry of any kind. Under those circumstances, this court held the trial court's ruling denying appellant's request for a substitution of attorneys, without an inquiry into the state of mind of the court-appointed

attorney and without attempting to ascertain in what particulars the attorney was not providing appellant with a competent defense, was tantamount to a refusal on the part of the court to adjudicate a fundamental issue. The lower court's failure to make the inquiry also resulted in a silent record, making intelligent appellate review impossible. (*Id.*, at p. 66.)

In the instant case, the primary issue is whether trial counsel's vague recollections of the events and of his thought processes contributing to his tactical decisions and election not to bring certain motions at trial denied the trial court an opportunity to ascertain in what particulars the attorney was not providing the defendant with a competent defense. In other words, did trial counsel's lack of clear recollection some two years after the trial prevent the trial court from exercising its discretion or require the trial court to guess at the attorney's reasons for his failure to independently investigate fingerprints and hair fibers, to move to sever the consolidated actions, to show defendant the complaint cards, to challenge hearsay evidence, and move to suppress evidence?

The Attorney General counters that the record reflects that the judge listened fully to the complaints of defendant and made a knowledgeable decision; that he had no duty to make inquiry of trial counsel, citing *People* v. *Groce* (1971) 18 Cal.App.3d 292 [95 Cal.Rptr. 688] and *People* v. *Huffman* (1977) 71 Cal.App.3d 63, 80-81 [139 Cal.Rptr. 264].

*Munoz* and *Groce* hold that inquiry into the attorney's state of mind is required only in those situations in which a satisfactory explanation for counsel's conduct or attitude toward his client is necessary in order to determine whether counsel can provide adequate representation. "Because many actions by a court-appointed attorney are justifiable, tactical decisions, it is not necessary for the trial judge to engage in a *Munoz* inquiry every time a defendant requests a substitution." (*People* v. *Penrod* (1980) 112 Cal.App.3d 738, 747 [169 Cal.Rptr. 533]; fn. omitted.)

As to the one area in which inquiry into the attorney's state of mind was necessary, i.e., whether the "troubled" relationship between the attorney and client interfered with the attorney's ability to provide defendant with competent defense, trial counsel stated unequivocally that his feelings toward the defendant would not affect his ability to defend him. In fact, trial counsel remembers trying to "bend over backwards to make the client feel that [he was] doing all [he could for him]." Thus, the trial court did inquire of the attorney in the only area in which the cases require. (*Ibid.*)

The trial court gave defendant an opportunity to explain his reasons for requesting substitution after which trial counsel took the witness stand and

responded to defendant's criticisms drawing upon his best recollection of the asserted facts and events. The trial court then permitted defendant's hearing counsel to examine trial counsel regarding his testimony. The record establishes beyond any doubt the defendant was given the judicial attention required under the holding in *Marsden*. Furthermore, the testimony of trial counsel supports a reasonable inference that he made knowledgeable elections on each point raised. (*People* v. *Groce, supra,* 18 Cal.App.3d 292, 296.) Thus, the hearing conducted by the trial court was an adequate remedy for the *Marsden* error in the original proceeding.

II. WHETHER THE LOWER COURT ABUSED ITS DISCRETION IN REFUSING TO APPOINT NEW COUNSEL AND SET THE CASE FOR RETRIAL.

■ Defendant next asserts that, assuming arguendo this court determines the *Minor* hearing was an adequate remedy, his conviction should be reversed as the trial court abused its discretion when it refused to appoint new counsel and set the case for retrial. The basis for this contention was defendant's assertion at the *Minor* hearing that trial counsel failed to independently investigate the fingerprints found on the stolen hubcaps and hair fibers found on the jacket in defendant's car. Although the police processed this evidence, defense counsel apparently did not employ an independent expert for the same purpose. Defendant claimed this evidence was potentially exculpating. This is clearly speculation at best.

Trial counsel stated at the *Minor* hearing he did not have the hair and fingerprints analyzed in light of the eyewitness identification of defendant as the person who removed the hubcaps. It is highly speculative that the absence of defendant's fingerprints on the hubcaps removed from a parked car at the Lerdo facility jail in Kern County would have benefitted defendant. It is quite likely that no fingerprints would have been found on the hubcaps if the hubcaps were removed by the use of a tool or had been wiped off.

The jacket was in the car driven by defendant. It covered the tool box identified by the victims. There is no indication that the jacket was ever tested by anyone. Whether or not hair fibers belonging to someone other than the defendant were found on the jacket appears to be of little evidentiary value. The significance of the jacket was that Officer Kassiner observed defendant's attempt to cover up the stolen tool box with it when he was stopped by the police. An officer testified that on the evening of the theft he found the hubcaps next to some trees at the side of the road about two-tenths of a mile from the jail. He also testified that he observed a screwdriver in plain view in the back of the Monza automobile parked in the jail parking lot. Even had someone else's prints been found on the hubcaps or

hair fibers been found on the jacket, there is little doubt the verdict would have been unaffected.

Based on the foregoing analysis, we conclude it was not an abuse of discretion for the trial court to refuse to appoint new counsel and set the case for retrial.

The judgment is affirmed.

Franson, Acting P. J., and Hanson (P. D.), J., concurred.