Filed 9/29/21  P. v. Rahman CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MOHAMMAD EASA RAHMAN,<br><br>Defendant and Appellant. | C092672<br><br>(Super. Ct. No. CR61397) |

Defendant Mohammad Easa Rahman pleaded no contest to felony grand theft. The trial court suspended imposition of sentence and placed defendant on formal probation for three years.  At a subsequent contested hearing on a violation of probation, the trial court found defendant in violation, revoked probation, and sentenced defendant to three years in prison.

Defendant contends he was entitled to a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 when he sought to replace his public defender at the hearing on the probation violation.  We conditionally reverse the judgment and remand for further proceedings.

1

## FACTUAL AND PROCEDURAL HISTORY

As defendant does not challenge the validity of the plea, we need only briefly state the facts leading to the conviction. On three occasions, defendant entered Kohl's department store and took merchandise totaling $1,218.98 in value. As part of a conditional plea agreement, defendant pleaded no contest to a single count of felony grand theft (Pen. Code, § 487, subd. (a)) for a recommended grant of probation. In accordance with the recommendation, the trial court placed defendant on three years of formal probation.

On two occasions, defendant admitted violations of probation for drug use. Each time, the trial court sentenced defendant to serve time in county jail and reinstated probation.

Subsequently, the People filed a new probation violation petition, alleging several additional violations. This hearing was contested. The prosecution introduced evidence defendant tested positive for methamphetamine on three separate dates and admitted using drugs. After the prosecution indicated it had no more witnesses, defense counsel requested time to speak with defendant. Defense counsel then stated: "Not having gotten an answer to my question, I'm not going to tell the judge we rest our case. Client wishes to change his public defender if he can. [¶] This public defender is submitting the matter." The trial court deemed the matter submitted, found defendant in violation of probation, and set the matter for sentencing. Defendant's request to change public defenders was never mentioned.

The trial court sentenced defendant to three years in prison and defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends the trial court erred in denying him the opportunity to explain the basis for his *Marsden* request. The People concede error and join defendant's request to remand the matter for a *Marsden* hearing.

2

"*Marsden* holds that the trial court must afford the defendant an opportunity to express the specific reasons why he believes he is not being adequately represented by his current counsel when he makes a request for the appointment of new counsel." (*People v. Olivencia* (1988) 204 Cal.App.3d 1391, 1400.) "Although no formal motion is necessary, there must be 'at least some clear indication by defendant that he [or she] wants a substitute attorney.' " (*People v. Mendoza* (2000) 24 Cal.4th 130, 157, quoting *People v. Lucky* (1988) 45 Cal.3d 259, 281, fn. 8.)

At the hearing on the violation of probation, defense counsel stated defendant "wishes to change his public defender if he can." This was a clear request for a substitute attorney. The trial court did not respond to, or inquire into, this request. Defendant was entitled to an opportunity to explain the specific reasons he felt his current attorney was not adequately representing him. He was not given that opportunity.

"[W]hen the trial is free of prejudicial error and the appeal prevails on a challenge which establishes only the existence of an unresolved question which may or may not vitiate the judgment," the appropriate disposition is to reverse the judgment, remand to the trial court for a *Marsden* hearing, and then to reinstate the judgment if the *Marsden* motion is denied. (*People v. Minor* (1980) 104 Cal.App.3d 194, 199.) Since there is no evidence in the record of defense counsel's incompetence, we remand for a hearing to determine whether good cause existed for appointment of new counsel by allowing defendant an opportunity to state his reasons for wanting new counsel appointed. (*Id.* at p. 200.)

## DISPOSITION

The judgment is conditionally reversed with directions to the trial court to conduct a hearing at which defendant shall have a full opportunity to state his reasons for desiring replacement of counsel. If, at the conclusion of such hearing, the trial court determines that defendant has shown good cause for appointment of new counsel, new counsel shall be appointed and a rehearing on the alleged probation violation conducted.

3

If, on the other hand, the trial court determines defendant has failed to show good cause for appointment of new counsel, it shall reinstate the judgment against defendant.

      /S/          

MAURO, J.

We concur:

      /S/          

RAYE, P. J.

      /S/          

KRAUSE, J.