Filed 9/21/22  P. v. Galeano CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B313638 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. KA124522 |
| v. | |
| SERGIO GALEANO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rogelio Delgado, Judge.  Affirmed in part, reversed in part, and remanded.

Maura F. Thorpe, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.

————————————

A jury found Sergio Galeano guilty of burglary and other crimes. Between the start of jury deliberations and sentencing, Galeano requested new counsel several times, but the court did not hold a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). Galeano asks us to reverse his sentence and remand for a *Marsden* hearing and resentencing. He does not otherwise attack his judgment of conviction. The prosecution correctly concedes we must remand for the court to hold a *Marsden* hearing. At resentencing, Galeano will have the benefit of several new sentencing laws. Undesignated statutory citations are to the Penal Code.

I

A jury found Galeano guilty of four counts for his actions on April 23, 2020: first degree residential burglary with a person present (§ 459) (count one), tampering with the contents of a vehicle (Veh. Code, § 10852) (count two), petty theft (Pen. Code, § 484, subd. (a)) (count three), and delaying a peace officer (Pen. Code, § 148, subd. (a)(1)) (count four).

Galeano admitted he had a prior strike conviction from October 2014. (§§ 667, subds. (b)–(j), 1170.12, subds. (a)–(d).)

Galeano was 25 years old at the time of his offenses. According to the probation report, the Department of Mental Health assessed Galeano in March 2020 and determined he has schizophrenia. Galeano told a psychologist he received mental health treatment beginning when he was 14.

On July 8, 2021, the court sentenced Galeano to eight years in state prison: the middle term of four years for count one, doubled due to his prior strike, plus concurrent terms of 180 days for count two, 180 days for count three, and 364 days for count

2

four.  The court stayed the sentence for count two pursuant to section 654.

II

A

The court should have held a *Marsden* hearing and we remand for the court to hold one.

We typically review a trial court's ruling on a motion to relieve appointed counsel for abuse of discretion.  (*People v. Barnett* (1998) 17 Cal.4th 1044, 1085.)  A trial court abuses its discretion if it rules without hearing the defendant's reasons for requesting a change of counsel.  (*Marsden, supra,* 2 Cal.3d at pp. 123–124.)

If the trial court holds no *Marsden* hearing, this error precludes meaningful appellate review and we usually treat such error as prejudicial per se.  (*People v. Hill* (1983) 148 Cal.App.3d 744, 755.)

Galeano requested new counsel four times.

First, on May 17, 2021, after counsel gave closing arguments and the court gave final jury instructions, Galeano asked the court if he could have a different public defender "on the next round."  The court ignored the request.  At the end of the proceedings, Galeano said, "I asked a question, your honor."  The court responded, "No.  Go."

Second, on May 18, 2021, just before the jury returned its verdict, Galeano said, "I'd like to have a private word.  I'd like to have a *Marsden* hearing due to representation."  The trial court said it would remove Galeano from the courtroom if he interrupted or caused a disruption.  Galeano then said he wanted to represent himself and the court said, "It's too late.  The trial is

3

over." Galeano said he needed a new public defender. The court made no explicit ruling on the *Marsden* motion.

Third, on May 19, 2021, when the court held a hearing on Galeano's prior conviction, Galeano asked the court "for a *Marsden* hearing . . . for that last part," meaning for sentencing. The trial court said it would finish Galeano's jury waiver and his admission of his prior conviction first. After the waiver and admission, the court set a sentencing date. The court then dismissed Galeano, who began to ask the court a question about returning to court, presumably for a *Marsden* hearing. The court cut Galeano off and said, "No, sir. We got a date for you already. All right. We'll see you then."

Fourth, at his sentencing hearing on July 8, 2021, Galeano's counsel said Galeano wanted a *Marsden* hearing to replace his attorney. The court said, "No. This is sentencing."

Galeano was a difficult defendant during trial, but this did not affect his right to a *Marsden* hearing. Galeano had outbursts when witnesses were testifying and during closing arguments. The court appropriately admonished Galeano during these outbursts.

The prosecution concedes and we agree that the trial court erred by not conducting a *Marsden* hearing. Galeano's requests for new counsel triggered the trial court's duty to ensure Galeano had competent counsel. (See *Marsden, supra*, 2 Cal.3d at p. 123.) This required the court to allow Galeano to state the specific grounds for his dissatisfaction with counsel. (See *People v. Hidalgo* (1978) 22 Cal.3d 826, 827.) This also required the court to question Galeano's attorney if Galeano's account raised questions about the adequacy of representation. (See *People v. Penrod* (1980) 112 Cal.App.3d 738, 747.)

4

The court did not allow Galeano to state his reasons for his requests. It ignored or summarily denied the requests. This was error.

Galeano's requests were timely for the purpose of sentencing. The rule requiring a *Marsden* hearing applies at any time during the proceedings. (*People v. Sanchez* (2011) 53 Cal.4th 80, 90.)

B

Galeano correctly identifies three new ameliorative sentencing laws the trial court must consider at resentencing.

One law, Assembly Bill No. 124 (2021–2022 Reg. Sess.), requires the court to impose a lower term sentence under certain circumstances, such as if a defendant's youth—defined as being under 26 years old—contributed to the commission of the offense. (§§ 1170, subd. (b)(6), as amended by Stats. 2021, ch. 695, § 5; 1016.7.)

The second law, Senate Bill No. 567 (2021–2022 Reg. Sess.), limits the application of upper sentencing terms unless a defendant has stipulated to circumstances in aggravation or a fact finder has found the circumstances true beyond a reasonable doubt. (§ 1170, subd. (b), as amended by Stats. 2021, ch. 731, § 1.3.)

The third law, Senate Bill No. 81 (2021–2022 Reg. Sess.), requires courts to dismiss enhancements, if this furthers justice. (§ 1385, subd. (c)(1), as amended by Stats. 2021, ch. 721, § 1.) The amended law lists nine mitigating circumstances. Examples include the current offense being connected to mental illness, a defendant being a juvenile during the commission of the offense or the prior offense, and an enhancement based on a prior conviction that is over five years old. (§ 1385, subd. (c)(2).) Proof

of one or more circumstances weighs greatly in favor of dismissing the enhancement unless dismissal would endanger public safety.  (*Ibid.*)

The first and second laws apply retroactively to Galeano because his conviction is not final.  (See *People v. Garcia* (2022) 76 Cal.App.5th 887, 902.)  The third change applies to sentencings occurring after its effective date, January 1, 2022. (§ 1385, subd. (c)(7), as amended by Stats. 2021, ch. 721, § 1.) Because we are remanding Galeano's case, he will have a sentencing after the effective date and Senate Bill No. 81 will apply.  (See *People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

On remand, the trial court must consider its sentencing choices in light of these amendments.

## DISPOSITION

Galeano's sentence is reversed.  The case is remanded to the trial court for a hearing under *People v. Marsden* (1970) 2 Cal.3d 118.  At resentencing, the court must consider the two amendments to Penal Code section 1170 and the amendment to section 1385 discussed in this opinion and sentence Galeano accordingly.

In all other respects, the judgment of conviction is affirmed.


WILEY, J.

We concur:


STRATTON, P. J.            HARUTUNIAN, J.[*]

---

[*]      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6