[No. H022775. Sixth Dist. July 19, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS DELGADO LAZALDE, Defendant and Appellant.

Counsel

Richard J. Krech, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Rene A. Chacon and Bridget Billeter, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**ELIA, J.**—In the trial court, appellant brought a motion to suppress evidence pursuant to Penal Code section 1538.5. He contended that evidence obtained during the search of a motel room pursuant to a search warrant should be suppressed because the warrant was issued without probable cause and the searching officer did not act in good faith. At the hearing on the motion to suppress, the parties did not litigate the validity of the search warrant. Instead, evidence was presented that appellant was subject to a probation search condition, of which the searching officer was unaware. The trial court denied the motion and appellant pleaded guilty to one count of conspiracy to sell heroin and one count of possession of heroin for sale. (Pen. Code, § 182; Health & Saf. Code, § 11351.) Appellant also admitted an enhancing allegation that he possessed more than 14.25 grams of a substance containing heroin. (Health & Saf. Code, § 11352.5, subd. (1); Pen. Code, § 1203.07.) He was sentenced to three years in state prison. He appealed to this court, contending the trial court erred in denying his motion to suppress. This court affirmed the judgment, relying on *In re Tyrell J.* (1994) 8 Cal.4th 68 [32 Cal.Rptr.2d 33, 876 P.2d 519]. On August 14, 2002, the Supreme Court granted appellant's petition for review. Further action was deferred "pending consideration and disposition of a related issue in *People v. Sanders*, S094088." On January 14, 2004, the Supreme Court transferred the matter to this court with directions to vacate our decision and "to reconsider the cause in light of *People v. Sanders* (2003) 31 Cal.4th 318 [2 Cal.Rptr.3d 630, 73 P.3d 496]." We requested and received supplemental briefing from the parties. We conclude that appellant's adult probation search condition cannot be used to justify the search, and remand the matter for a hearing on the remaining issues raised by appellant's motion to suppress.

### BACKGROUND

In October 2000, after watching appellant conduct several hand-to-hand transactions at a shopping center on different days, and following him to the Economy Inn Motel, Watsonville police officers obtained a search warrant.

Searching room 139 where they found appellant, the police discovered heroin, packing materials, injecting paraphernalia, and almost $600 in cash. Appellant was arrested, and he admitted to the police that he sold heroin for another person to support his own habit.

Appellant waived preliminary examination and filed a motion to suppress. Appellant challenged the sufficiency of the affidavit in support of the search warrant. He also argued that the good faith exception to the exclusionary rule as stated in *United States v. Leon* (1984) 468 U.S. 897 [82 L.Ed.2d 677, 104 S.Ct. 3405] would not apply.

The prosecution filed opposition to appellant's motion, arguing the affidavit was sufficient and the searching officer acted in good faith. Two weeks later, the prosecution filed supplemental opposition stating, "Case law holds that trying, but failing, to record a telephonic warrant complies with the Constitution. [Citation.] However, no case has upheld a telephonic warrant where there was no attempt at compliance with their specific procedures. Accordingly, the People concede the warrant was invalid."

The prosecution defended the search on the basis of a probation search condition. The prosecution introduced documentary evidence establishing that, in January 2000, following appellant's misdemeanor convictions for violating Health and Safety Code section 11550 (being under the influence of a controlled substance) and Penal Code section 148.9, subdivision (a) (giving false identification), the trial court had imposed a "conditional sentence." One condition of this sentence ordered appellant to "[s]ubmit [his] person, residence, vehicle, and areas under [his] dominion and control to search and seizure at any time of the day or night with or without a warrant—drugs and narcotics." In its opposition to appellant's motion to suppress, "given the long periods of surveillance, and the fact the officer received two search warrants (despite Defendant's arguments of invalidity), leads [*sic*] to the clear conclusion this search was neither for the purpose of harassment, nor arbitrary." Thus, under *In re Tyrell J., supra,* 8 Cal.4th 68, the search was justified "pursuant to Defendant's pre-existing search term."

At the hearing on appellant's motion, the court said, "This is on for a motion to suppress, and it's based at this time on the search clause[.]" Defense counsel said, "It's my understanding . . . that the prosecution is now solely seeking to justify the search that took place in this matter based upon the search clause and that they are not relying upon the search warrant." The court said, "But the search warrant was in fact secured by a magistrate, although it was done in a manner that was not consistent with a telephonic search warrant that is the requirement as needed, and that it was subsequently

then signed several days later apparently, based on what you told me. So that there is at least no bad faith on the part of the officer as far as at least attempting to secure a search warrant; however, the procedure was not proper. Is that accurate?" Defense counsel responded, "That's correct. And I understand also that the officer after getting the search warrant, the second search warrant signed, interspersed some of the pages from the second into the first and took the search warrant that was signed the second time and put it on the affidavit that was the first one presented to Judge Barton and then interspersed some other additional pages into that. And there w[ere] some problems that were created with regard to the preservation of the actual search warrant itself and that's why, it's my understanding of the totality of the circumstances, the district attorney is only now relying upon the search clause as the basis for justifying the search."

The prosecutor stated, "[Defense counsel] is correct in stating that the paperwork and procedures in relation to original duplicate and original copy were not followed in securing a telephonic search warrant, nor was it recorded. However, the officer did have verbal permission from a judge to search this location prior to searching it, which reaches the bad faith issue that was discussed."

Defense counsel argued that there was reason to believe the California Supreme Court was retreating from its holding in *In re Tyrell J., supra,* 8 Cal.4th 68. The court and others believed *Tyrell J.* might be overruled because the Supreme Court had granted review in *People v. Moss* (June 28, 2000, S087478) on the issue of whether probation searches are valid if the searching officer is unaware of the search condition.[1] The court stated its belief that the court "may very likely reverse the *Tyrell J.* case," but, because it was current law, the court denied appellant's motion to suppress. On June 6, 2002, this court, expressly relying on *Tyrell J.,* affirmed the trial court's denial of the motion to suppress. On August 14, 2002, the Supreme Court granted appellant's petition for review. Further action was deferred "pending consideration and disposition of a related issue in *People v. Sanders,* S094088." On July 31, 2003, the Supreme Court issued its decision in *People v. Sanders.* We now follow the Supreme Court's direction to vacate our decision and "to reconsider the cause in light of *People v. Sanders* (2003) 31 Cal.4th 318 [2 Cal.Rptr.3d 630, 73 P.3d 496]."

## DISCUSSION

In *People v. Sanders, supra,* 31 Cal.4th 318, police conducted a warrantless search of the residence of two persons, one of whom was on parole and

---

[1] Subsequently, the grant of review in *Moss* was dismissed as improvidently granted.

subject to a search condition of which the police were unaware at the time of the search. After an analysis centered on the deterrent effect of the exclusionary rule, the court reasoned that "the admission of evidence obtained during a search of a residence that the officer had no reason to believe was lawful merely because it later was discovered that the suspect was subject to a search condition would legitimize unlawful police conduct." (*People v. Sanders, supra,* 31 Cal.4th at p. 335.) Based on this reasoning, the court held that "an otherwise unlawful search of the residence of an adult parolee may not be justified by the circumstance that the suspect was subject to a search condition of which the law enforcement officers were unaware when the search was conducted." (*Ibid.*)

In *In re Tyrell J., supra,* 8 Cal.4th 68, a majority of our Supreme Court held that a minor under a juvenile probation search condition generally does not enjoy a reasonable expectation of privacy, and hence that an otherwise unjustified search was upheld even though the searching officer was unaware of the condition. Justice Kennard noted in her concurrence in *Sanders* that "[l]eft open by the majority here is the continuing vitality of the majority opinion in *Tyrell J.*" (*People v. Sanders, supra,* 31 Cal.4th at p. 337.) Although, as respondent notes, *Sanders* did not overrule *Tyrell J.,* we read the *Sanders* discussion of *Tyrell J.,* including the criticism the latter case has received, as implicitly limiting *Tyrell J.* to cases involving juvenile offenders.

Because of his conditional sentence, appellant was subject to an informal probation search condition rather than a parole search condition as in *Sanders.* Respondent asserts that this difference makes the holding of *Sanders* "inapplicable" here. Citing *People v. Reyes* (1998) 19 Cal.4th 743, 749 [80 Cal.Rptr.2d 734, 968 P.2d 445] and *People v. Bravo* (1987) 43 Cal.3d 600, 607–608 [238 Cal.Rptr. 282, 738 P.2d 336], respondent argues that probationers, unlike parolees, consent to waive their Fourth Amendment rights in order to avoid a prison commitment.

In *People v. Reyes, supra,* 19 Cal.4th 743, the defendant parolee was subject to a search condition. Officers, who were aware of the search condition but lacked reasonable suspicion that the defendant had violated the law or a condition of parole, discovered drugs on the defendant's property during a warrantless search. *Reyes* held that reasonable suspicion was not a prerequisite to a lawful search of a parolee. (*Id.* at p. 751.) "Where the search is for a proper purpose, we hold that, even in the absence of particularized suspicion, a search conducted under the auspices of a properly imposed parole search condition does not intrude on any expectation of privacy 'society is "prepared to recognize as legitimate." ' [Citations.]" (*Id.* at p. 754.) The *Sanders* court said, "our reasoning in *Reyes* does not apply if the officer is unaware that the suspect is on parole and subject to a search condition." (*People v. Sanders, supra,* 31 Cal.4th at p. 333.)

In *People v. Bravo, supra,* 43 Cal.3d 600, the searching officer had received information from a neighbor that appellant might be dealing drugs. Police officers conducted surveillance of the defendant's home, but observed nothing to substantiate the caller's suspicions. However, the officers learned that the defendant was on probation and subject to search. In holding that the condition of appellant's probation by which he consented to warrantless search at any time justified the search of his home undertaken by the officers who suspected that he was engaged in narcotics activity, the court said, "[a] probationer, unlike a parolee, consents to the waiver of his Fourth Amendment rights in exchange for the opportunity to avoid service of a state prison term." (43 Cal.3d at p. 608.)

In both *Reyes* and *Bravo,* the search was justified under the consent exception to the warrant requirement because the searching officer was aware of the search condition and thus aware of the defendant's advance consent. In *Sanders,* the court said, "[W]hether a search is reasonable must be determined based upon the circumstances known to the officer when the search is conducted. '[A]lmost without exception in evaluating alleged violations of the Fourth Amendment the Court has first undertaken an objective assessment of an officer's actions in light of the facts and circumstances *then known to him.*' [Citation.]" (*People v. Sanders, supra,* 31 Cal.4th at p. 334, italics added.)

■ When *Reyes* and *Bravo* are read with *Sanders,* the distinction between a parole search condition and a probation search condition becomes irrelevant, and the logical, unremarkable proposition emerges that a search is not justifiable as a consent search when the officer is not undertaking the search pursuant to that consent.[2] This is consistent with the body of law regarding the consent exception to the warrant requirement. "The Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects. [Citations.] The prohibition does not apply, however, to situations in which voluntary consent has been obtained . . . ." (*Illinois v. Rodriguez* (1990) 497 U.S. 177, 181 [111 L.Ed.2d 148, 110 S.Ct. 2793].) ■ If a defendant "freely consents to an entry or search . . . his constitutional rights are not violated and any search or taking of evidence *pursuant to his consent* is not unreasonable." (*People v. Michael* (1955) 45 Cal.2d 751, 753 [290 P.2d 852], italics added.) Where a search is sought to be justified on the basis of consent, the consent must be known or apparent to the searching officer before the search is conducted. (See, for

---

[2] Recently, the First District said, "[A]n officer performing a search without knowledge that a suspect is either a parolee or a probationer is not acting pursuant to *any* applicable search conditions. Therefore, in neither case can the search be justified by those search conditions, whether they derive from parole or probation." (*People v. Bowers* (2004) 117 Cal.App.4th 1261, 1269–1270 [13 Cal.Rptr.3d 15].)

example, *People v. Poole* (1986) 182 Cal.App.3d 1004, 1013 [227 Cal.Rptr. 594]; *People v. Haven* (1963) 59 Cal.2d 713, 719 [31 Cal.Rptr. 47, 381 P.2d 927].) To ascertain if the prosecution has met its burden of establishing the consent exception to the warrant requirement, the trial court determines whether an officer's belief that he or she had consent to search is objectively reasonable under the circumstances. (See *People v. Machupa* (1994) 7 Cal.4th 614, 632 [29 Cal.Rptr.2d 775, 872 P.2d 114].) As it is undisputed that the searching officer here was unaware of who appellant was or that he was subject to a search condition, the officer could not have believed that he had appellant's consent to search. In light of *Sanders*, the search of the motel room cannot be justified as pursuant to the advance consent from the informal probation condition.

To further the deterrent effect of the exclusionary rule, the *Sanders* court suppressed evidence found during a search of a residence that the officer "had no reason to believe was lawful." (*People v. Sanders, supra,* 31 Cal.4th at p. 335.) Here, the searching officer, after days of investigation, had obtained a search warrant authorizing his entry into the motel room. When an officer acts in good faith upon a search warrant which later proves to be inadequate, the exclusion of the evidence seized will not provide such deterrence and the substantial cost of exclusion is no longer justified. (*United States v. Leon, supra,* 468 U.S. at p. 922.) Therefore, " 'a warrant issued by a magistrate normally suffices to establish' that [an officer] has 'acted in good faith in conducting the search.' " (*Ibid.*) Because a search conducted pursuant to a search warrant is presumed lawful, the burden of establishing the invalidity of the search warrant rests upon the defendant. (*Theodor v. Superior Court* (1972) 8 Cal.3d 77, 101 [104 Cal.Rptr. 226, 501 P.2d 234].) Appellant raised the issues of the validity of the warrant and the officer's good faith reliance on it in his moving papers. He was foreclosed from pursuing these issues by the prosecution's decision to rely on the probation search condition. At the hearing on the motion to suppress, there was some discussion of circumstances under which the warrant was obtained and served. However, given the context in which this discussion occurred, it would be unfair to appellant for this court to rely on the trial court's remarks as establishing that the officer acted in good faith within the meaning of *Leon* in conducting the search.

We lack an adequate evidentiary record on which to decide the suppression motion on any theory other than the probation search justification advanced below. As stated in *People v. Minor* (1980) 104 Cal.App.3d 194, 199 [163 Cal.Rptr. 501]: "In its disposition of a criminal case the appellate court is not limited to the more common options of affirmance, reversal or modification of the judgment or order appealed from. The court 'may, if proper, remand the cause to the trial court for such further proceedings as may be just under

the circumstances' (Pen. Code, § 1260)." Accordingly, we will remand the matter to the trial court to conduct a hearing on appellant's motion to suppress.

## DISPOSITION

Our prior opinion in this cause filed on June 6, 2002, is vacated. The judgment is reversed and remanded to the superior court with directions to conduct a hearing on appellant's motion to suppress filed November 28, 2000. If the court grants the motion to suppress, it shall vacate the judgment and afford appellant an opportunity to withdraw his plea. If the superior court denies the motion to suppress, it shall reinstate the judgment. (See *People v. Torres* (1992) 6 Cal.App.4th 1324, 1335 [8 Cal.Rptr.2d 332].)

Rushing, P. J., and Premo, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 13, 2004. Baxter, J., was of the opinion that the petition should be granted.