45 Cal.Rptr.3d 784 (2006)
39 Cal.4th 168
137 P.3d 959
The PEOPLE, Plaintiff and Respondent,
v.
Adrian Eugene MOORE, Defendant and Appellant.
No. S125314.
Supreme Court of California.
July 17, 2006.
As Modified July 17, 2006.
*785 Sharon M. Jones, Ventura, under appointment by the Supreme Court, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster, William M. Wood, Frederick R. Millar, Jr., Steven T. Oetting, Bradley A. Weinreb and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.
CHIN, J.
In 2003, we held that police officers must know of a defendant's parole search condition to justify a warrantless search under that exception. (People v. Sanders (2003) 31 Cal.4th 318, 335, 2 Cal.Rptr.3d 630, 73 P.3d 496 (Sanders).) In this case, because the hearing on the defendant's suppression motion (Pen.Code,[1] § 1538.5) occurred before we decided Sanders, the trial court concluded that the search was valid based only on evidence that the defendant was subject to a parole search condition. (See In re Tyrell J. (1994) 8 Cal.4th 68, 32 Cal.Rptr.2d 33, 876 P.2d 519 (Tyrell J.); People v. Reyes (1998) 19 Cal.4th 743, 80 Cal.Rptr.2d 734, 968 P.2d 445.) The parties did not present evidence whether the officers knew of the defendant's search condition at the time of the search.
The question before us is the appropriate remedy in light of Sanders's holding. The Court of Appeal majority here simply reversed the judgment outright, rather than remand for a new suppression hearing. For reasons that follow, we reverse the Court of Appeal's judgment and remand the matter for further proceedings, including to determine whether the officers knew of the search condition.

FACTUAL AND PROCEDURAL BACKGROUND
In outlining the relevant facts, we focus on the April 2000 suppression hearing proceedings, including evidence of the preliminary hearing transcript which the trial court considered. (§ 1538.5, subd. (i) [defendant may challenge search "on the basis of the evidence presented at a special hearing"]; Lorenzana v. Superior Court (1973) 9 Cal.3d 626, 640, 108 Cal.Rptr. 585, 511 P.2d 33 (Lorenzana) [review of ruling on suppression motion limited to record of suppression hearings].)
The preliminary hearing transcript reveals only that on May 5, 1999, San Bernardino City Police Officer Brennan encountered defendant Adrian Eugene Moore on the street. An ambulance later transported defendant to the hospital. After defendant was sedated, doctors removed several objects from his mouth, including an off-white rock covered in plastic. The parties stipulated that this substance tested positive for cocaine.
At the suppression hearing, the prosecution also presented a certified copy of the parole terms for defendant, which included a search term that defendant "will agree to search or seizure by a parole officer or other peace officer at any time of the day or night with or without a search warrant, with or without probable cause." Based on the existence of this valid search condition, the trial court denied the suppression motion. The parties presented no evidence regarding whether the officers knew about defendant's search condition, although the prosecution's opposition to the suppression motion and the police report suggested at least one of the officers had such knowledge.
The jury found defendant guilty of the charged offense. (Health & Saf.Code, *786 § 11350, subd. (a) [possession of a controlled substance].) On July 26, 2002, after finding defendant's two prior conviction allegations to be true, the trial court sentenced him to 25 years to life. Defendant appealed. During the pendency of defendant's appeal, we decided Sanders, supra, 31 Cal.4th 318, 2 Cal.Rptr.3d 630, 73 P.3d 496, which held that officers must know of a defendant's parole search condition to justify a warrantless search under that exception.
In a divided opinion, the Court of Appeal reversed. Applying Sanders, the Court of Appeal majority found the prosecution did not present any evidence that police officers knew defendant was on parole when they searched him. It pointed out that at the preliminary hearing, the only witness, Officer Brennan, testified only that he had an exchange with defendant, who was then taken to the emergency room where doctors removed a rock of cocaine from defendant's mouth. Because Officer Brennan's preliminary hearing testimony did not describe details of either the initial encounter between police officers and defendant, or the subsequent events at the hospital, the Court of Appeal majority could not determine from the record whether the search of defendant's mouth was conducted pursuant to a lawful arrest. Thus, the majority concluded: "On the basis of the only evidence the prosecution presented, the search was unreasonable under the Fourth Amendment and we therefore must reverse the judgment."
Presiding Justice Ramirez dissented, questioning whether there was error under Sanders in the first place. In any event, he believed that remand, not outright reversal, was appropriate. He emphasized that "at the time of the hearing, both sides believed that the existence of the parole search condition alone justified the search of [defendant]. It was not until more than three years later that Sanders was decided." The dissenting justice pointed out that even defendant believed remand  to determine whether officers had prior knowledge of defendant's parole status  was fair to both parties. In his supplemental reply brief in the Court of Appeal, defendant had proposed that "in light of the recent decision in Sanders, the appropriate remedy at this time would be to remand the matter for a new hearing in the trial court. . . . It would be unfair to both the People and to [defendant] for the [Court of Appeal] to determine the constitutionality of the search based on a record which was not created for this purpose."
We granted the People's petition for review to decide whether the matter should be remanded for a new suppression hearing.

DISCUSSION
In Sanders, we held that "an otherwise unlawful search of the residence of an adult parolee may not be justified by the circumstance that the suspect was subject to a search condition of which the law enforcement officers were unaware when the search was conducted." (Sanders, supra, 31 Cal.4th at p. 335, 2 Cal.Rptr.3d 630, 73 P.3d 496.) Prohibiting this type of unreasonable search, we concluded, serves the purpose of the exclusionary rule, which is to deter future police misconduct. (Id. at pp. 324, 334, 2 Cal.Rptr.3d 630, 73 P.3d 496.)
In moving away from our decision in Tyrell J., supra, 8 Cal.4th 68, 32 Cal. Rptr.2d 33, 876 P.2d 519, which upheld the warrantless search of a juvenile probationer by officers unaware of his probation search condition, Sanders made clear that although an adult parolee has a diminished expectation of privacy, a warrantless search of the parolee by officers unaware of his parole search condition "cannot be *787 justified as a parole search, because the officer is not acting pursuant to the conditions of parole." (Sanders, supra, 31 Cal.4th at p. 333, 2 Cal.Rptr.3d 630, 73 P.3d 496; see also People v. Robles (2000) 23 Cal.4th 789, 97 Cal.Rptr.2d 914, 3 P.3d 311 [invalid warrantless search where officers entered defendant's garage without knowledge of brother's search condition].)[2] Arguably, Sanders constituted a major change in our search and seizure law, requiring some appellate courts to reconsider pending causes in light of our new holding. (See, e.g., People v. Lazalde (2004) 120 Cal.App.4th 858, 15 Cal.Rptr.3d 904 (Lazalde); People v. Hester (2004) 119 Cal.App.4th 376, 14 Cal.Rptr.3d 377 (Hester); People v. Bowers (2004) 117 Cal. App.4th 1261, 13 Cal.Rptr.3d 15 (Bowers); see also People v. Jordan (2004) 121 Cal. App.4th 544, 17 Cal.Rptr.3d 157 (Jordan); People v. Hoeninghaus (2004) 120 Cal. App.4th 1180, 16 Cal.Rptr.3d 258 (Hoeninghaus).)
In this case, the People do not dispute that Sanders is controlling or that the trial court's ruling on defendant's suppression motion was incorrect under that case. The only issue is the appropriate remedy. Did the Court of Appeal majority properly reverse the judgment outright, or should it have remanded the cause to allow the trial court to conduct a new suppression hearing? For reasons that follow, we conclude the Court of Appeal should have remanded.
In fashioning an appropriate disposition in a case, an appellate court "may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed, and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances." (§ 1260; see also People v. Minor (1980) 104 Cal.App.3d 194, 199, 163 Cal.Rptr. 501 (Minor).) If the court reverses a judgment without further directions, that unqualified reversal is an order for a new trial, placing the parties in the same position as if the cause had never been tried. (§ 1262; People v. Barragan (2004) 32 Cal.4th 236, 247, 9 Cal.Rptr.3d 76, 83 P.3d 480.)
Reversing the judgment outright, the Court of Appeal could not determine from the record "whether the search of defendant's mouth was conducted pursuant to a lawful arrest," and concluded the search was unreasonable based on "the only evidence the prosecution presented." Because the suppression hearing occurred before we decided Sanders, supra, 31 Cal.4th 318, 2 Cal.Rptr.3d 630, 73 P.3d 496, the trial court and the parties acted with the understanding that they were not required to present evidence whether the officers knew of defendant's parole search condition. In that situation, where the parties understandably did not present arguments and evidence relating to search issues, a reviewing court should remand to the trial court to consider any alternate grounds for or against suppression. (See People v. Brooks (1980) 26 Cal.3d 471, 483, 162 Cal.Rptr. 177, 605 P.2d 1306 (Brooks) [with bifurcated suppression proceeding, on reversal reviewing court should remand for disposition of alternate grounds for suppression].)
*788 Indeed, several Courts of Appeal applying Sanders remanded the cause, rather than reversed the judgment outright, when the record was insufficient to determine if the search was "otherwise unlawful" (Sanders, supra, 31 Cal.4th at p. 335, 2 Cal.Rptr.3d 630, 73 P.3d 496). (Lazalde, supra, 120 Cal.App.4th at pp. 865-866, 15 Cal.Rptr.3d 904; Bowers, supra, 117 Cal. App.4th at pp. 1272-1273, 13 Cal.Rptr.3d 15.) For instance, in Lazalde, after we directed it to reconsider the cause in light of Sanders, the Court of Appeal concluded that because the searching officer was unaware of the defendant's probation search condition when he searched the motel room, the search was unjustified under that exception. (Lazalde, supra, 120 Cal. App.4th at p. 865, 15 Cal.Rptr.3d 904.) However, because the prosecution relied only on that search condition and the defendant was "foreclosed" from challenging the search on other grounds, the Court of Appeal "lack[ed] an adequate evidentiary record on which to decide the suppression motion on any theory other than the probation search justification advanced below." (Ibid.) Out of fairness to the defendant, the Court of Appeal remanded the matter to the trial court to conduct a new hearing on his suppression motion. (Id. at pp. 865-866, 15 Cal.Rptr.3d 904.)
Similarly, the Bowers Court of Appeal, relying on Sanders, held that the defendant's probationary status did not justify the warrantless search because the police officer conducting the search was unaware of the defendant's probation search condition at the time. (Bowers, supra, 117 Cal. App.4th at pp. 1270-1271, 13 Cal.Rptr.3d 15.) However, the Court of Appeal concluded that remand was appropriate to determine whether the search was "otherwise unlawful" under Sanders, which issue was not fully litigated below. (Id. at p. 1271, 13 Cal.Rptr.3d 15.) The Court of Appeal found that based on the record, it was "impossible" to determine if the defendant's initial contact with officers constituted a detention or consensual encounter. (Id. at p. 1272, 13 Cal.Rptr.3d 15.) The Court of Appeal concluded that the "evidence is simply inadequate to enable us to determine, based on the state of the law after Sanders, whether the trial court's ruling is sustainable on the rationale that the search was lawful." (Id. at p. 1271, 13 Cal.Rptr.3d 15.) It directed the trial court to hear evidence and make factual determinations at a new suppression hearing, and to ultimately determine whether to deny the suppression motion and reinstate the judgment or grant the motion and conduct further appropriate proceedings. (Id. at p. 1273, 13 Cal.Rptr.3d 15; see also Jordan, supra, 121 Cal.App.4th at p. 565, 17 Cal.Rptr.3d 157 [superior court to determine "whether the record should be reopened on remand to allow additional evidence to be presented"]; Hoeninghaus, supra, 120 Cal.App.4th at p. 1198, 16 Cal. Rptr.3d 258 [where trial court addressed only search condition in suppression motion, remand proper to determine prosecution's alternative justification for warrantless search].)[3]
Moreover, section 1538.5, which "provides a comprehensive and exclusive procedure for the final determination of search and seizure issues prior to trial" (Brooks, supra, 26 Cal.3d at p. 475, 162 *789 Cal.Rptr. 177, 605 P.2d 1306), does not preclude remand in this case. "Section 1538.5 imposes certain limits on the relitigation of suppression issues. However, no case has decided the extent to which section 1538.5 precludes such relitigation after an appellate reversal. [Citations.]" (People v. Boyer (2006) 38 Cal.4th 412, 443, fn. 18, 42 Cal.Rptr.3d 677, 133 P.3d 581; see People v. Mattson (1990) 50 Cal.3d 826, 850, fn. 10, 268 Cal.Rptr. 802, 789 P.2d 983 (Mattson) ["[p]rior to the adoption of section 1538.5 we did not question the right of the prosecution to reopen the question of admissibility of evidence challenged on the basis of an allegedly unlawful search and seizure"]; but see id. at p. 883, 268 Cal. Rptr. 802, 789 P.2d 983 (conc. opn. of Kennard, J.) [§ 1538.5 does not change rule that prosecution may introduce new evidence to relitigate suppression motion].) We have recognized that a party's right to have "objections to the evidence fully aired" is consonant with section 1538.5's "statutory goal of achieving pretrial determination of search and seizure issues." (Brooks, supra, 26 Cal.3d at p. 482, 162 Cal.Rptr. 177, 605 P.2d 1306 [court must balance § 1538.5's policy "of conserving judicial resources and efficiently resolving all pretrial matters in one hearing" against a defendant's right to litigate grounds for suppression].)
Although we have stated that reopening a suppression motion on the basis of new legal theories would defeat section 1538.5's purpose "to avoid the continued relitigation of the question of the admissibility of evidence" (Lorenzana, supra, 9 Cal.3d at p. 640, 108 Cal.Rptr. 585, 511 P.2d 33), our concern in Lorenzana did not address the situation here, where during the appeal a change in the law necessarily prevented parties from presenting all pertinent facts and theories at the suppression hearing. Here, the record reveals the trial court denied defendant's suppression motion based on his parole search condition alone. Based on the trial court's ruling, the prosecution did not present evidence of the officers' knowledge regarding defendant's search condition, although the prosecution's opposition to the motion and the police report suggested at least one of the officers knew about the condition. (See ante, 45 Cal.Rptr.3d at p. 785, 137 P.3d at p. 961.) In that situation, a reviewing court should remand to the trial court for disposition of any alternate grounds for or against suppression. (See Brooks, supra, 26 Cal.3d at p. 483, 162 Cal.Rptr. 177, 605 P.2d 1306.) Based on the foregoing, we conclude that section 1538.5 does not bar remand in this case.
Moreover, in the interest of efficiency and fairness, we conclude that remanding the cause to give the People an opportunity to present evidence justifying the search under Sanders, supra, 31 Cal.4th 318, 2 Cal.Rptr.3d 630, 73 P.3d 496, is more appropriate than reversing the judgment outright. (See § 1260 [reviewing court "may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances"].) Section 1260 evinces a "legislative concern with unnecessary retrials where something less drastic will do." (People v. Vanbuskirk (1976) 61 Cal. App.3d 395, 405, 132 Cal.Rptr. 30 (Vanbuskirk) [remand to take evidence of fairness in pretrial identification procedures "may avert the need for a retrial"].) "[W]hen the validity of a conviction depends solely on an unresolved or improperly resolved factual issue which is distinct from issues submitted to the jury, such an issue can be determined at a separate post-judgment hearing and if at such hearing the issue is resolved in favor of the People, the conviction may stand." (Ibid.) In other words, "when the trial is free of prejudicial error and the appeal prevails on a challenge which establishes only the existence of an unresolved question which may or may not *790 vitiate the judgment, appellate courts have, in several instances, directed the trial court to take evidence, resolve the pending question, and take further proceedings giving effect to the determination thus made." (Minor, supra, 104 Cal.App.3d at p. 199, 163 Cal.Rptr. 501.)
Because the exclusionary rule's purpose in suppressing evidence of unreasonable searches is to deter police misconduct (Sanders, supra, 31 Cal.4th at p. 324, 2 Cal.Rptr.3d 630, 73 P.3d 496; see ante, 45 Cal.Rptr.3d at p. 786, 137 P.3d at p. 961), the issues relating to a suppression motion, which do not directly implicate the guilt determination process, are distinct from issues the jury must consider. (See Vanbuskirk, supra, 61 Cal.App.3d at p. 405, 132 Cal.Rptr. 30; Minor, supra, 104 Cal.App.3d at p. 199, 163 Cal.Rptr. 501.) Remand for a new suppression hearing is appropriate and necessary here because our 2003 decision in Sanders significantly changed the law, requiring the lower court to consider its impact on defendant's suppression motion. (See People v. Collins (1986) 42 Cal.3d 378, 393, 228 Cal.Rptr. 899, 722 P.2d 173 [declining to adopt a "rule of reversal per se" based on a prior decision's impact and cautioning against "unwarranted retrials in cases in which there was actually no prejudice"]; see also People v. Welch (1993) 5 Cal.4th 228, 238, 19 Cal.Rptr.2d 520, 851 P.2d 802 [finding remand proper because "defendant should not be penalized for failing to object where existing law overwhelmingly said no objection was required"].)
Defendant, however, points out that he made several claims challenging the warrantless search in his suppression motion. Because the prosecution chose to argue only the parole search justification below, defendant maintains it was not he "who limited the scope of the suppression hearing, it was the People, and it is the People who must bear the consequences of a woefully deficient presentation." We disagree. The trial court denied defendant's suppression motion based on defendant's parole search condition, rendering any additional argument from the prosecution unnecessary. (See Brooks, supra, 26 Cal.3d at p. 482, 162 Cal.Rptr. 177, 605 P.2d 1306 [trial court has discretion to limit presentation of evidence to avoid a "tedious and superfluous proceeding"].) In that regard, we reject defendant's speculative claim that at the time of the April 2000 suppression hearing the prosecution should have anticipated our 2003 Sanders decision and presented evidence of the officers' knowledge.
Arguing that remanding for a new suppression hearing would violate his right to due process, defendant asserts that because the search occurred in 1999, it would be difficult to locate witnesses who would likely remember events relating to the search. We have already rejected such a claim. "We are not persuaded that relitigation should have been denied because of delay. Delays that are the product of the normal appellate process do not implicate due process concerns. The difficulty in locating witnesses, and the possibility of fading recollection, are no different with respect to the hearing on the admissibility of [evidence] than with respect to the trial itself." (Mattson, supra, 50 Cal.3d at p. 852, 268 Cal.Rptr. 802, 789 P.2d 983.)
In the event of remand, both parties agree that a full hearing on the motion to suppress, rather than a limited hearing on whether the officers were aware of the parole search condition at the time of the warrantless search, is required. Because the parties focused solely on the existence of defendant's parole search condition, which the trial court relied on to justify the warrantless search and to deny defendant's motion, we conclude that a new suppression hearing to decide any alternate grounds contained in the original suppression motion and the opposition thereto *791 is proper. (See Brooks, supra, 26 Cal.3d at p. 483, 162 Cal.Rptr. 177, 605 P.2d 1306; Hoeninghaus, supra, 120 Cal.App.4th at p. 1198, 16 Cal.Rptr.3d 258; Lazalde, supra, 120 Cal.App.4th at pp. 865-866, 15 Cal. Rptr.3d 904; see also Lorenzana, supra, 9 Cal.3d at p. 640, 108 Cal.Rptr. 585, 511 P.2d 33 [party may not raise for first time on appeal a new theory to support or contest admissibility of evidence].)

DISPOSITION
We reverse the Court of Appeal's judgment and remand for further proceedings consistent with our opinion.
WE CONCUR: GEORGE, C.J., KENNARD, BAXTER, WERDEGAR, MORENO, and CORRIGAN, JJ.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise noted.
[2] The issue whether Tyrell J., supra, 8 Cal.4th 68, 32 Cal.Rptr.2d 33, 876 P.2d 519, remains viable in light of subsequent developments, including our own decision in Sanders, supra, 31 Cal.4th 318, 2 Cal.Rptr.3d 630, 73 P.3d 496, is before us in In re Jaime P., review granted August 31, 2005, S135263.
[3] Although one Court of Appeal applying Sanders reversed outright rather than remand for a new suppression hearing, the record in that case was adequate to determine if the search was "otherwise unlawful." (Hester, supra, 119 Cal.App.4th at pp. 392, 398, 14 Cal.Rptr.3d 377 [officers unaware car's occupants were on probation; "[m]ere membership in a criminal street gang, without additional facts supporting an inference of criminal activity, does not permit a detention"].)