I concur in the entirety of the opinion with the exception of the discussion of the effect of Cunningham
error (Cunningham v. California (2007) 549 U.S. ____ [166 L.Ed.2d 856, 127 S.Ct. 856]), and the resulting full affirmance. As the lead opinion points out, the trial court relied on five factors in imposing the aggravated term for rape. Of these, at least one involves recidivism of a kind not affected by Cunningham and the high court decisions that preceded it, and another likely *Page 1048 satisfies the recidivism exception. These factors are, respectively, defendant's prior prison term, and that his prior convictions are numerous and of increasing seriousness. (The latter is now before our Supreme Court in Peoplev. Towne, review granted July 14, 2004, S125677.) But three others — the first three enumerated by the court — are outside the recidivism exception. As to each of these, defendant has a Sixth Amendment right to have a jury determine whether it was factually established, and hence a proper basis for imposition of the high term. These are: that the crime involved planning, sophistication or professionalism, indicating premeditation; that defendant engaged in a pattern of violent conduct indicating a serious danger to society; and that the crime involved acts disclosing a high degree of viciousness or callousness and force. (See lead opn., ante, at p. 1044, fn. 8.)
 We know that the trial court took each of these five factors into account in deciding to impose the high term. We know that because the court said so. We do not know whether the court would have imposed the same term on the basis of the two recidivist factors alone because the trial court did not tell us. (Under the state of the law at the time, it had no reason to do so.) While a single recidivist factor is sufficient to justify the high term, it must be clear that the court's decision was based on that factor. Where the trial court fails to exercise sentencing discretion based on a mistaken belief regarding its authority to do so, the appropriate "relief on appeal is to remand or permit the defendant to petition by writ of habeas corpus. The appellate courts do not have the power to substitute their discretion for that of the trial court or to direct the trial court to exercise its discretion" in a particular way. (People v. Benevides (1998)64 Cal.App.4th 728, 735 [75 Cal.Rptr.2d 388] [if trial court did not realize it was empowered by Pen. Code, § 1385 to dismiss a prior conviction in a three strikes at sentencing, case should be remanded so that it may exercise that discretion; but in this case, record was clear that trial court was aware of its discretion and did exercise it]; see People v. SuperiorCourt (Romero) (1996) 13 Cal.4th 497, 530, fn. 13 [53 Cal.Rptr.2d 789, 917 P.2d 628] [defendant serving sentence under "Three Strikes" law imposed by court that misunderstood scope of its discretion to strike may raise issue on appeal or by habeas corpus to secure reconsideration of sentence]; Gardnerv. Superior Court (1986) 182 Cal.App.3d 335, 341
[227 Cal.Rptr. 78] [remand to allow trial court to exercise discretion proper after reversal for failure to exercise discretion]; Richards, Watson Gershon v. King (1995)39 Cal.App.4th 1176, 1181 [46 Cal.Rptr.2d 169] [same];People v. Moore (2006) 39 Cal.4th 168, 174
[45 Cal.Rptr.3d 784, 137 P.3d 959] [where validity of search depended on whether officers were aware defendant was under parole search condition, proper remedy on appeal is remand for proceedings at which that factual issue could be determined].) *Page 1049 So it is here. In exercising its sentencing discretion, the trial court considered factors that, we now know, were improper for it to take into account without a jury factual determination or admission by defendant. We should not try to second-guess what the court would have done if it knew it could only utilize recidivist factors. We should, instead, return the case to the trial court so that it may properly exercise that discretion. Since the lead opinion rejects this course, I respectfully dissent from that aspect of the disposition. *Page 1050