Filed 5/15/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN


| | |
|---|---|
| THOMAS DARION DAVIS, | B286525 |
| Petitioner, | |
| | (Los Angeles County |
| v. | Super. Ct. No. 7AN02891; |
| | App. Div. No. BS171298) |
| APPELLATE DIVISION OF THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |


ORIGINAL PROCEEDINGS in mandate.  Petition denied.

Nicole Tinkham Public Defender, Albert J. Menaster, Head Public Defender, Omar Terrence Boyan and Mark G. Harvis, Deputy Public Defenders for Petitioner.

No appearance for Respondent.

Jackie Lacey, District Attorney, Phyllis C. Asayama, and Cassandra Thorp, Deputy District Attorney, for Real Party in Interest.

_____

A defendant may move to suppress evidence on the ground "[t]he search or seizure without a warrant was unreasonable." (Pen. Code, § 1538.5, subd. (a)(1)(A).)[1]  Section 1538.5, subdivision (a)(2), requires the motion to be in writing, accompanied by a memorandum of points and authorities that "set[s] forth the factual basis and legal authorities that demonstrate why the motion shall be granted."

Addressing this statutory language, the Supreme Court in *People v. Williams* (1999) 20 Cal.4th 119, 136 (*Williams*) held, "when defendants move to suppress evidence, they must set forth the factual and legal basis for the motion, but they satisfy that obligation, at least in the first instance, by making a prima facie showing that the police acted without a warrant.  The prosecution then has the burden of proving some justification for the warrantless search or seizure, after which, defendants can respond by pointing out any inadequacies in that justification."

When evidence has been obtained through a series of warrantless searches or seizures (here, a traffic stop, field sobriety tests, vehicle search and arrest), does a defendant satisfy his or her initial burden under *Williams* simply by asserting the police acted without a warrant or must the defendant's motion at least specify which of several searches or seizures potentially at issue he or she claims was unlawful?  The trial court ruled, when

_____

[1]     Statutory references are to this code unless otherwise stated.

2

multiple searches have occurred, more is required in moving papers than the statement there was no warrant.  We agree:  A defendant seeking to suppress evidence under section 1538.5, although not required to state the basis for his or her challenge to a warrantless search or seizure, must identify the government conduct being questioned.  Accordingly, we deny the petition for a writ of mandate filed by Thomas Darion Davis, seeking an order directing the appellate division of the superior court to require the trial court to hear Davis's motion to suppress on the merits.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *The Detention and Arrest*

Two sheriff's deputies observed Davis's car run a stop sign, swerve and veer toward the sidewalk, apparently unable to maintain a straight course.  The deputies initiated a traffic stop to cite the driver and to investigate possible driving under the influence of alcohol.  Upon contacting Davis, the deputies smelled alcohol and noticed his bloodshot eyes.  The deputies detained Davis and conducted field sobriety tests.  Preliminary alcohol screenings showed blood alcohol levels of .116% and .107%.  The deputies then searched Davis's car and found an open can of beer, which was cold and one-quarter full.  Davis was arrested and taken to a sheriff's station, where breath tests produced readings of a .10% blood alcohol level.

Davis was charged with misdemeanor driving under the influence of alcohol (Veh. Code, § 23152, subds. (a) & (b)) and having an open container of alcohol in his car (Veh. Code, § 23226).

2. *The Motion to Suppress*

Davis pleaded not guilty to both charges and then moved to suppress evidence.  His motion sought to exclude:  "1.  Any and

all test results obtained by police, [¶] 2. Any observations made by the police; [¶] 3. All statements made by Defendant to Police." Davis's motion did not specify which of the several warrantless searches and seizures that had taken place he claimed were unlawful, stating only, "The search and seizure in this case occurred without a warrant. A search without a warrant is presumptively illegal, and must be justified by the prosecution. The prosecution bears the burden of establishing the legality of a warrantless search."

The People opposed the motion to suppress, arguing, "Proper notice has not been provided to the [P]eople, as the defense's motion fails to specify the factual basis for the suppression motion as required under Penal Code 1538.5." The trial court agreed and denied the motion without a hearing and without prejudice, ruling Davis's motion to suppress was "vague and provide[d] insufficient notice to the People of what [was] being challenged and the basis for challenging it."

3. *The Appellate Division Writ Petition*

Davis petitioned for a writ of mandate in the appellate division of the superior court, challenging the trial court's denial of his motion without a hearing. The appellate division denied the petition, agreeing with the trial court that Davis's motion was insufficiently detailed. In its order the court explained, "[Davis's] suppression motion does not identify when he was subjected to an unconstitutional search and/or seizure. Indeed, his motion cites no facts concerning his encounter with the police. Under these circumstances, the prosecution was without fair notice of the police action it was required to justify."

4

4. *The Instant Petition*

Following the appellate division's ruling, Davis petitioned this court for a writ of mandate directing the appellate division to order the trial court to conduct a hearing on the merits of his motion to suppress. After considering the petition and the People's opposition, we issued an alternative writ to the appellate division, which declined to vacate its order. Davis filed a reply, and we heard oral argument.

## DISCUSSION

1. *Standard of Review*

The issue before us—the level of specificity required in the initial papers of a motion to suppress evidence seized by the police during a series of warrantless searches and seizures—is a question of law subject to our independent review. (See *People v. Cromer* (2001) 24 Cal.4th 889, 893-894.)

2. *Governing Law*

The Fourth Amendment, applicable to the states by the Fourteenth Amendment, prohibits unreasonable searches and seizures. (U.S. Const. 4th Amend.; *People v. Camacho* (2000) 23 Cal.4th 824, 830–831.) The question whether relevant evidence obtained by assertedly unlawful means—that is, in violation of the Fourth Amendment—must be excluded is determined by deciding whether its suppression is mandated by the federal Constitution. (Cal. Const., art. I, § 24; *People v. Macabeo* (2016) 1 Cal.5th 1206, 1212; see *People v. Schmitz* (2012) 55 Cal.4th 909, 916; *People v. Lomax* (2010) 49 Cal.4th 530, 564, fn. 11.)

A warrantless search is presumed to be unreasonable, and the prosecution bears the burden of demonstrating a legal justification for the search. (*Williams, supra*, 20 Cal.4th at

5

pp. 127-128; see *People v. Macabeo, supra*, 1 Cal.5th at p. 1212; *People v. Suff* (2014) 58 Cal.4th 1013, 1053.) As the Supreme Court explained in *Williams*, although it is the defendant's obligation to bring a motion to suppress under section 1538.5, there is no reason to require defendants to guess what justifications the prosecution will offer for a warrantless search or seizure: "Because law enforcement personnel, not the defendant, made the decision to proceed without a warrant, they, not the defendant, are in the best position to know what justification, if any, they had for doing so." (*Williams*, at p. 129.) Accordingly, "when the basis of a motion to suppress is a warrantless search or seizure, the requisite specificity is generally satisfied, in the first instance, if defendants simply assert the absence of a warrant and make a prima facie showing to support that assertion." (*Id.* at p. 130.) Once the prosecution has offered a justification, however, the defendant must present any arguments as to why that justification is inadequate. "Otherwise, defendants would not meet their burden under section 1538.5 of specifying why the search or seizure without a warrant was 'unreasonable.'" (*Ibid*.)

   3. *By Failing To Identify the Government Conduct Being Challenged, Davis's Motion To Suppress Lacked the Specificity Required by Section 1538.5*

   Davis and the People agree the specificity required in a motion to suppress evidence is governed by the Supreme Court's decision in *Williams, supra*, 20 Cal.4th 119. In that case, in considering whether a criminal defendant's motion to suppress evidence pursuant to section 1538.5 was sufficiently specific to preserve an issue for appeal, the Supreme Court emphasized the difference between the burden of raising an issue and the burden

6

of proof, explaining, "We see no inconsistency in requiring, when appropriate, a criminal defendant to raise an issue, but then requiring the prosecution to disprove the defendant's contentions once the issue is before the court. . . . [¶] . . . [T]he circumstance that the prosecution has the burden of proof does not preclude our holding that, at least in this context, defendants must precisely pinpoint the subject matter of that proof." (*Williams*, at pp. 128-129.)

*Williams* involved police surveillance of a pickup truck parked outside a home where it was suspected that drug activity occurred. The deputy sheriff involved called for backup and a short while later stopped the truck after the driver made a right turn at an intersection without signaling. The officer ran a check on the status of the defendant's driver's license and learned it had expired. Because defendant was the vehicle's sole occupant, sheriff department policy required the truck be towed and an inventory taken to preserve a record of the physical condition of the vehicle and its contents. While taking inventory, the deputy saw three closed leather bags next to the driver's seat. He opened the bags and found methamphetamine. The defendant was arrested. An inventory list and a required California Highway Patrol form were never completed. (*Williams*, *supra*, 20 Cal.4th at p. 123.)

The defendant moved to suppress evidence, including the methamphetamine found in his truck, arguing in his moving papers the police lacked probable cause to stop the truck and had no policy governing inventory searches. (*Williams*, *supra*, 20 Cal.4th at pp. 124, 136.) On appeal following denial of his motion, the defendant argued the discovery of the methamphetamine was unlawful because, even if the sheriff's

7

department had a general policy for inventory searches, it had no preexisting policy governing the opening of closed containers during the course of an inventory—an argument that had not been made in the trial court. (*Id*. at pp. 124-125.)[2]

The Supreme Court held, by challenging the lack of a policy for the inventory search that had been conducted in the case, the defendant preserved the closed-container issue for appeal, even though not specifically advanced by defendant in the trial court. (*Williams*, *supra*, 20 Cal.4th at pp. 137-138.) Having properly raised the issue of the validity of the inventory search, it was the prosecution's burden to prove some justification for the warrantless search. The failure to prove the required policy relating to closed containers was a "gap in the prosecutor's evidence." (*Id*. at pp. 135, 138.)

The holding of *Williams* thus rests on two principles. First, "a defendant must state the grounds for the motion with sufficient particularity to give notice to the prosecution of the sort of evidence it will need to present in response." (*Williams*, at p. 123; see also *id*. at pp. 129 ["when defendants move to suppress evidence under section 1538.5, they must inform the prosecution and the court of the specific basis for their motion"], 131 ["[d]efendants need only be specific enough to give the prosecution and the court reasonable notice"].) Second, "defendants are not *required* to anticipate the prosecution's justifications. . . . [D]efendants who do not know, and hesitate to guess, what justification the prosecution might offer can simply

_____

[2] The Supreme Court explained, citing United States Supreme Court authority, "the prosecution must always prove the existence of a policy supporting an inventory search." (*Williams*, *supra*, 20 Cal.4th at p. 138.)

8

await the prosecution's argument and evidence, and then respond with specific objections."  (*Id.* at p. 136.)

Notably, in holding it is generally sufficient in the first instance for defendants to assert the absence of a warrant and await the prosecution's justifications, the Supreme Court wrote in terms of a challenge to a single search or seizure.  (See, e.g., *Williams, supra*, 20 Cal.4th at pp. 130 ["when the basis of a motion to suppress is a warrantless search or seizure . . ."], 136 [referring to the prosecution's burden "of proving some justification for the warrantless search or seizure"].)  Similarly, in *People v. Smith* (2002) 95 Cal.App.4th 283, the court of appeal held a defendant moving to suppress evidence satisfies his or her initial pleading burden under *Williams* and section 1538.5, subdivision (a)(2), "by alleging a warrantless search together with facts and authorities showing the search was made without a warrant, and that without a warrant the search was illegal" (*Smith*, at p. 300)—again referring in the singular to "a search" and "the search."  Here, in contrast, Davis's motion failed to identify which of several searches and seizures he was challenging and thus failed to give adequate notice to the prosecution of the evidence it would need to present in response.

Sound policy supports the requirement a defendant identify which of several searches and seizures is at issue in a motion to suppress.  Just as the *Williams* Court was concerned a rule requiring a defendant to try to anticipate the prosecution's justifications for a warrantless search would lead to "pages of unnecessary argument about justifications that the prosecution is readily willing to concede are inapplicable" (*Williams*, *supra*, 20 Cal.4th at p. 129), permitting a defendant to satisfy his or her initial pleading burden with an all-encompassing assertion that

9

multiple searches and seizures had been conducted without a warrant, without specifying which ones he or she claims were unlawful, would inevitably produce the similarly undesirable result of the prosecution justifying warrantless detentions and searches that defense counsel has no good faith basis to challenge.

In sum, when the basis of a motion to suppress is a warrantless search or seizure, a defendant is not required to anticipate the prosecution's justifications. There is no requirement, as the trial court found here, to state "whether there [was] probable cause to search the car under the automobile exception or plain view" or to state "the basis for the challenge to any test results and what those tests [were]." However, if the motion seeks to suppress evidence obtained as a result of police conduct involving a series of warrantless searches and seizures, the defendant must identify which of the searches or seizures he or she challenges as unlawful. Davis's motion was properly denied on that ground.[3]

---

[3] As discussed, the trial court denied Davis's motion to suppress without prejudice. Although we deny his petition for a writ of mandate, Davis may properly renew the motion, identifying which of the several warrantless searches and seizures potentially at issue he challenges. (Cf. *People v. Moore* (2006) 39 Cal.4th 168, 176-177.)

## DISPOSITION

The petition is denied.


PERLUSS, P. J.

We concur:


ZELON, J.


SEGAL, J.